# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| MTE HOLDINGS LLC, *et al.* | § | |
| | § | |
| Debtors. | § | Case No. 19-12269 (CTG) |
| | § | |
| CHENAULT-VAUGHAN FAMILY PARTNERSHIP, LTD., | § | (Jointly Administered) |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adv. Proc. No. 20-51005 (CTG) |
| | § | |
| MDC REEVES ENERGY, LLC, a Delaware Limited Liability Company, CENTENNIAL RESOURCE DEVELOPMENT, INC., a Delaware Corporation, and CENTENNIAL RESOURCE PRODUCTION, LLC, a Delaware Limited Liability Company, | § | Related Docket Nos. 99 and 100 |
| | § | |
| Defendants. | § | |

**DEFENDANTS CENTENNIAL RESOURCE DEVELOPMENT, INC.
AND CENTENNIAL RESOURCE PRODUCTION, LLC'S
RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AND
REQUEST FOR DIRECT CERTIFICATION TO COURT OF APPEALS AND
ALTERNATIVE MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL**

| | |
|---|---|
| Robert P. Crumpler, Jr. | William A. Hazeltine (No. 3294) |
| DAVIS, GERALD & CREMER P.C. | SULLIVAN HAZELTINE ALLINSON LLC |
| 400 W. Illinois, Suite 1400 | 919 North Market Street, Suite 420 |
| Midland, Texas 79701 | Wilmington, DE 19801 |
| Tel: (432) 687-0011 | Tel: (302) 428-8191 |
| Fax: (432) 687-1735 | Fax: (302) 428-8195 |
| Email: rcrumpler@dgclaw.com | Email: whazeltine@sha-llc.com |
| (Admitted Pro Hac Vice) | |

*Attorneys for Defendants Centennial Resource Development, Inc. and
Centennial Resource Production, LLC*

Date: January 10, 2021

# TABLE OF CONTENTS

TABLE OF CITATIONS ................................................................................................ ii

PRELIMINARY STATEMENT IN VIEW OF 1/10/22 STATUS CONFERENCE .................... iv

CURRENT STATE OF PROCEEDINGS ........................................................................ 1

SUMMARY OF RESPONSIVE ARGUMENTS .............................................................. 2

ARGUMENT ............................................................................................................. 3

    I.     The Court has not entered a judgment or order. ........................................ 3

    II.    Chenault-Vaughan' Motion for Entry of Judgment is premature. ........................ 4

        A.    The Court's Memorandum Opinion does not dispose of all claims and parties. ........................................................................................ 4

        B.    Chenault-Vaughan's alternative request for entry for final judgement on fewer than all claims and parties is not justified under Third Circuit law. ............................................................................... 5

    III.   Chenault-Vaughan's motions seeking direct appeal or, alternatively, interlocutory appeal are premature and assert issues that do not warrant appellate review under the applicable statutes. ........................................ 8

        A.    Direct appeal is appropriate on final orders that do not involve application of state law—circumstances the opposite of what Chenault-Vaughan urges. ................................................................. 8

        B.    Interlocutory review is not warranted because Chenault-Vaughan's issues do not involve controlling questions of law for which substantial grounds exist for disagreement. ............................................ 10

CONCLUSION ........................................................................................................ 12

# TABLE OF CITATIONS

**Cases**

*Berckeley Inv. Grp. Ltd. v. Colkitt*,
 455 F.3d 195 (3d Cir. 2006) ........................................................................................ 7

*Elliott v. Archdiocese of New York*,
 682 F.3d 213 (3d Cir. 2012) ................................................................................ 4, 5, 7

*Gerardi v. Pelullo*,
 16 F.3d 1363 (3d Cir. 1994) ..................................................................................... 6, 7

*In re 15375 Mem'l Corp.*,
 06-10859 KG, 2008 WL 2698678 (D. Del. July 3, 2008) ............................................ 9

*In re Del. and Hudson Ry. Co.*,
 96 B.R. 469 (D. Del. 1989), *aff'd,* 884 F.2d 1384 (3d Cir.1989) ............................. 11

*In re Essar Steel Minnesota LLC*,
 607 B.R. 409 (D. Del. 2019) ....................................................................................... 11

*In re SemCrude, L.P.*,
 BR 08-11525 BLS, 2010 WL 4537921 (D. Del. Oct. 26, 2010) (mem. op.) .......... 10, 11

*In re Tribune Co.*,
 477 B.R. 465 (Bankr. D. Del. 2012) ............................................................................ 9

*In re W.R. Grace & Co.*,
 591 F.3d 164 (3d Cir. 2009) ........................................................................................ 12

*In re White Beauty View, Inc.*,
 841 F.2d 524 (3d Cir.1988) ......................................................................................... 11

*Kapossy v. McGraw-Hill, Inc.*,
 942 F. Supp. 996 (D.N.J. 1996) .................................................................................... 6

*Katz v. Carte Blanche Corp.*,
 496 F.2d 747 (3d Cir.1974), *cert. denied,* 419 U.S. 885 (1974) .......................... 10, 11

*Liberty Mutual Ins. Co. v. Wetzel*,
 424 U.S. 737 (1976) ...................................................................................................... 6

*Ortho-McNeil Pharm., Inc. v. Kali Labs., Inc.*,
 No. CIV A 02-5707 DMC, 2007 WL 1814080 (D.N.J. June 20, 2007) ...................... 7

*Sussex Drug Prods. v. Kanasco, Ltd.*,
 920 F.2d 1150 (3d Cir. 1990) ................................................................................... 6, 7

**Statutes**

28 U.S.C § 1291 ............................................................................................................. 4, 5, 6

28 U.S.C. § 1292(b) ........................................................................................................... 10

28 U.S.C. § 158(a)(3) .......................................................................................................... 10

28 U.S.C. § 158(d)(2)(A)(i) ................................................................................................ 8, 9

**Rules**

Fed. R. Civ. P. 54(b) ....................................................................................................... 5, 6, 7

**PRELIMINARY STATEMENT IN VIEW OF 1/10/22 STATUS CONFERENCE**

Chenault-Vaughan filed its motions that are the subject of this Response on December 27, 2021. Centennial's Response is due today, the same date as the scheduled status conference on this adversary proceeding. As Chenault-Vaughan and Centennial represented to the Court, they have reached agreement that the Unit B wells have not reached payout, which resolves the Court's first issue. The other remaining issue related to Chenault-Vaughan's claims against MDC, and the Court has indicated its intent to dismiss them as moot, thereby allowing the Court to enter a final judgment on all claims. A final judgment would also moot Chenault-Vaughan's motions. Nonetheless, out of an abundance of caution and procedure, Centennial files this Response to Chenault-Vaughan's pending motions.

Defendants Centennial Resource Development, Inc, and Centennial Resource Production, LLC (collectively "Centennial"), file this Response to the following: (1) Plaintiff Chenault-Vaughan Family Partnership, Ltd.'s ("Chenault-Vaughan") Motion for Entry of Judgment [D.I.99], and (2) Request of Chenault-Vaughan for Direct Certification to the United States Court of Appeals for the Third Circuit and Alternative Motion for Leave to File Interlocutory Appeal [D.I.100]. In support of this Response, Centennial states the following:

## CURRENT STATE OF PROCEEDINGS

On December 17, 2021, the Court issued a Memorandum Opinion in which the Court denied Chenault-Vaughan's Motion to Dismiss for Lack of Jurisdiction, denied Chenault-Vaughan's Motion for Summary Judgment against Centennial, and granted in part Centennial's motion for summary judgment on Chenault-Vaughan's claims against Centennial. [D.I.97]. In the Memorandum Opinion, the Court stated that its analysis left open two loose ends: (1) "the question of whether Chenault-Vaughan may be entitled to the value of production, in the period following abandonment of the leases, to the extent the value of the production from any well may have exceed the associated costs," and (2) the disposition of Chenault-Vaughan's claims against MDC because MDC had not sought summary judgment and Chenault-Vaughan had not sought summary judgment against MDC. [D.I.97 at 39]. In recognition that the Memorandum Opinion did not resolve all claims against all the parties, the Court acknowledged it could not enter a final and appealable judgment at this time. *Id.*

To effectuate entry of a final judgment in this adversary proceeding, the Court requested that the parties confer to determine if the open issues could be resolved by agreement of the parties. *Id.* at 39-40. Barring an agreed resolution, the Court stated its intent to enter an interlocutory order memorializing the Court's findings in its Memorandum Opinion and to establish a procedure for

1

addressing the remaining points so that final disposition of the adversary case could be made. *Id.* at 39. The Court set a status conference for January 10, 2022 to address the outstanding issues.

On December 27, 2021, Chenault-Vaughan filed a Motion for Entry of Judgment "in an abundance of caution to ensure that appellate deadlines are not missed." [D.I.99 at 2]. In the motion, Chenault-Vaughan requests that the Court "acknowledge that its Opinion is a final judgment," or, alternatively, enter final judgment on separate claims for relief . . . but [on] less than all claims against all parties, together with an express finding that there is no just reason for delay." *Id.* at 14. On the same day, Chenault-Vaughan filed its Request for Direct Certification to the United States Court of Appeals for the Third Circuit and Alternative Motion for Leave to File Interlocutory Appeal. [D.I.100]. Chenault-Vaughan also filed a Notice of Appeal and Statement of Election. [D.J., District Court Case 1:21-CV-01846-UNA].

## SUMMARY OF RESPONSIVE ARGUMENTS

As the Court made clear in its Memorandum Opinion, in the Court's view, the Court's analysis did not dispose of all parties and all claims and, in fact, the Court has not entered any order or judgment with respect to Centennial's summary judgment Motion. Therefore, there is no judgment, either final or interlocutory, from which Chenault-Vaughan may appeal. The Court further stated that (i) it will enter a final judgment if the parties are able to resolve the outstanding matters by agreement, a matter to be discussed at the upcoming status conference, or (ii) it "would enter an interlocutory order resolving the issues addressed in this Memorandum Opinion and establish a procedure for addressing these remaining points." Chenault-Vaughan's Motion for Entry of Judgment argues that the Court's Memorandum Opinion did, as a practical matter, dispose of all parties and all claims and, therefore, the Court should enter final judgment. Despite this, the motion states that issues remain in the litigation. Based on the Court's clear statement of the current status of the case, and Chenault-Vaughan's admissions, Chenault-Vaughan's Motion for Entry of

2

Judgment is premature. Moreover, Chenault-Vaughan's alternative request that the Court direct entry of a final judgment on fewer than all claims and parties pursuant to Federal Rule of Civil Procedure 54(b) is neither warranted nor required under Third Circuit law.

Chenault-Vaughan's alternative filing requesting certification of certain issues for direct appeal to the Third Circuit and its included alternative Motion for Interlocutory Appeal are also premature. If the parties agree to resolution of the outstanding issues in a manner satisfactory to the Court, the Court will be able to enter a final judgment, thereby mooting Chenault-Vaughan's alternative motions. Centennial additionally submits that, should the parties not reach resolution on the remaining issues, the Court's proposed plan of establishing a procedure for addressing the remaining points presents an efficient method of resolving all claims against all parties such that final judgment can be entered. At this juncture, to certify the selective issues requested by Chenault-Vaughan would result in piecemeal litigation and create potential redundancies and inefficiencies given the intertwined nature of Chenault-Vaughan's claims against MDC and Centennial.

**ARGUMENT**

**I.    The Court has not entered a judgment or order.**

It goes without saying that there can be no appeal until a judgment or order is entered. The Memorandum Opinion was not a judgment or order.

> Because a court's judgment is not final and appealable unless and until it resolves all claims against all parties, the Court believes it appropriate to determine whether these matters might be addressed (by agreement of the parties) such that the Court may enter a final judgment in this adversary proceeding. In the absence of an agreed (or otherwise appropriate) resolution of these issues, the Court would enter an interlocutory order resolving the issues addressed in this Memorandum Opinion and establish a procedure for addressing these remaining points.

Memorandum Opinion [D.I.97] at 39. Accordingly, both Motions should be denied.

## II. Chenault-Vaughan' Motion for Entry of Judgment is premature.

### A. The Court's Memorandum Opinion does not dispose of all claims and parties.

Under 28 U.S.C. § 1291, "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. An order that terminates fewer than all claims pending in an action or claims against fewer than all the parties to an action generally does not constitute a final order for purposes of 28 U.S.C. § 1291. *See Elliott v. Archdiocese of New York*, 682 F.3d 213, 219 (3d Cir. 2012) (citations omitted).

Despite the Court's description of the remaining issues, Chenault-Vaughan's motion appears predicated on two points: (1) "[t]he parties did not raise a summary judgment issue regarding whether immediate payment was due for any Unit B well" because "as of the discovery cut-off date, the fact that the value of production of no Unit B well has covered the associated costs is undisputed" [D.I.99 at 5]; and (2) no cognizable claim remains against MDC because Chenault is an unsecured creditor for pre-abandonment royalties owed by MDC. *Id.* at 9. Despite its statement that there is "[n]o additional work" to be done regarding the first issue raised by the Court, Chenault-Vaughan appears to negate its argument by stating the issue of the value of production due to Chenault-Vaughan for Unit B wells is a question of fact—albeit a question that Chenault-Vaughan claims it does not intend to appeal. *Id.* at 5-6. In an apparent about-face, Chenault-Vaughan subsequently urges that one of the only issues remaining in the litigation is "whether any Unit B well achieved 100% payout prior to the April 20, 2020 discovery cut-off or any duty to supplement prior to the July 2, 2020 dispositive motion deadline." *Id.* at 8-9.

With regard to the outstanding issue related to MDC, Chenault-Vaughan urges that it sought relief against MDC only to the extent that Centennial prevailed on its position that the issue of pre-abandonment royalties was a matter under the lease between Chenault-Vaughan and MDC. *Id.* at 7. Centennial has now prevailed on that issue. Though Chenault-Vaughan argues that "no conceivable relief is available in favor of Chenault against MDC" in view of the Court's findings in the Memorandum Opinion, *id.* at 8, Chenault subsequently identifies "whether any claim remain against MDC" is an issue remaining in the litigation. *Id.* at 8-9.

Chenault-Vaughan's motion is premature because no order or judgment has been entered. Moreover, the Court has directed the parties to attempt to reach agreement on the "loose ends" such that the Court can order entry of a final judgment. If those efforts are unsuccessful, the Court has expressed its intent to establish a procedure to reach final resolution of all claims against all parties. Given the Court's findings and the current status of the case, Chenault-Vaughan's Motion for Entry of Judgment pursuant to 28 U.S.C. § 1291 is premature.

> **B.  Chenault-Vaughan's alternative request for entry for final judgement on fewer than all claims and parties is not justified under Third Circuit law.**

Pursuant to Federal Rule of Civil Procedure 54(b), a district court can enter final judgment on fewer than all claims and parties if the judgment is final as to particular claims or parties and there is no reason for delay. Fed. R. Civ. P. 54(b). "By allowing a district court to enter a final judgment on an order adjudicating only a portion of the matters pending before it in multi-party or multi-claim litigation and thus allowing an immediate appeal, Rule 54(b) 'attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties.'" *Elliott v. Archdiocese of New York*, 682 F.3d at 220 (citation omitted). However, "[c]ertification of a judgment as final under Rule 54(b) is the exception, not the rule, to the usual course of proceedings in a district court." *Id.*

5

To determine whether it should allow the exception to normal procedure, a court must apply a two-step process to determine whether certification under Rule 54(b) is appropriate. First, a court must determine where there has been an ultimate disposition on a claim for relief qualifying as a "final judgment." *Id.* (citation omitted). The finality requirements of 28 U.S.C. § 1291—"ending the litigation on the merits and leav[ing] nothing for the court to do but execute the judgment"—apply under Rule 54(b) in the context of an individual claim in a multiclaim action. *Gerardi v. Pelullo*, 16 F.3d 1363, 1369 (3d Cir. 1994) (citations omitted).

Though determining what a claim is for Rule 54(b) purposes is not clearly defined, the Third Circuit has established some guideposts. "[A] complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief" for the purposes of Rule 54(b). *Sussex Drug Prods. v. Kanasco, Ltd.*, 920 F.2d 1150, 1154 (3d Cir. 1990) (quoting *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 743 n.4 (1976)). Accordingly, the following scenarios do not qualify for Rule 54(b) certification: "[a]lternative theories of recovery based on the same factual situation"; "[a]n order that eliminates two of several elements [ ] flowing from a single claim"; and "partial adjudication of a single claim." *Id.* (citations omitted). In essence, under Third Circuit law, "a single set of interrelated facts, even though it supports several causes of action, will usually constitute only a single 'claim.'" *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1000 (D.N.J. 1996).

Here, Chenault-Vaughan's multiple claims—trespass to try title, relief under Section 91 of the Texas Natural Resources Code, declaratory judgment under both the Texas and the federal declaratory judgment statutes, conversion, and reformation—all relate to Chenault Vaughan's single theory that it is owed royalty for production from pooled units. And as the Court recognized, Chenault sought relief against both Centennial and MDC. *See* D.I.97 at 16-17. The interlocking

6

factual relationship of Chenault-Vaughan's various claims against the parties creates a situation in which it would "not [be] in the interests of sound judicial administration for the district court to certify this judgment as final." *Sussex Drug Prods.*, 920 F.2d at 1156. Accordingly, the Court can deny Chenault-Vaughan's Rule 54(b) motion on this basis alone.

The Court need not even reach the second prong of the test to determine whether certification under Rule 54(b) is warranted—whether there is just reason for delay—because it comes into play only if the Court determines there is a final judgment for Rule 54(b) purposes. *See Elliott v. Archdiocese of New York*, 682 F.3d at 220. Regardless, Chenault-Vaughan' motion does not satisfy this prong of the test either.

> In determining that there is no just reason for delay, a court should consider:
>
> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley Inv. Grp. Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006) (citation omitted). Where, as here, "adjudicated and unadjudicated claims share significant similarities, such as involving the same parties, the same legal issues, or the same evidence, Rule 54(b) certification is disfavored." *See Ortho-McNeil Pharm., Inc. v. Kali Labs., Inc.*, No. CIV A 02-5707 DMC, 2007 WL 1814080, at *3 (D.N.J. June 20, 2007); *see also Gerardi v. Pelullo*, 16 F.3d at 1372 ("[A] court should be particularly cautious in certifying as final a judgment on a claim which is not truly distinct from the claims on remaining issues, for even if the certified judgment is inherently final, the facts underlying the claim resulting in that judgment may be intertwined with the remaining issues").

7

Moreover, appeal at this juncture likely could result in the reviewing court having to consider the same issues twice given the intertwined nature of the claims against the parties.

Additionally, it is clear that Chenault-Vaughan intends to appeal this Court's determination and, in fact, has already filed a premature Notice of Appeal. While there is good reason to delay based on the intertwined nature of the remaining issues and related possibility of piecemeal appeals, Chenault-Vaughan has not alleged any sort of prejudice it would face if not permitted to immediately appeal. The Court has proposed an expedient method of disposing of the remaining issues, and efficiencies dictate that any appeal include final disposition of all claims and all parties. Accordingly, Chenault-Vaughan's Rule 54(b) motion should be denied.

**III.    Chenault-Vaughan's motions seeking direct appeal or, alternatively, interlocutory appeal are premature and assert issues that do not warrant appellate review under the applicable statutes.**

**A.    Direct appeal is appropriate on final orders that do not involve application of state law—circumstances the opposite of what Chenault-Vaughan urges.**

If it finds that the Memorandum Opinion is an interlocutory order, the Court should nonetheless deny Chenault-Vaughn's request for direct certification. 28 U.S.C. § 158(d)(2)(A)(i) provides that a bankruptcy court may certify a final order for immediate appeal to a federal court of appeals if it determines that "the judgment, order or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance." As an initial matter, the Court's Memorandum Opinion is not a final "judgment, order or decree." But even ignoring that hurdle, Chenault-Vaughan's effort to invoke the provision is not supported under Third Circuit law.

The first issue Chenault-Vaughan seeks certified for direct appeal to the Third Circuit involves the nature of a royalty interest under Texas law. [D.I.100 at 10-13, 19]. Though Chenault-

Vaughan acknowledges that the precedent in the Third Circuit is to deny certification of issues involving construction of state law, it attempts to distinguish them by relying on cases from other jurisdictions. D.I.100 at 8-9. But both the Delaware District Court and the Delaware Bankruptcy Court have held that if the issue requires application of state law, it is not appropriate for direct appeal to the Third Circuit. *See In re Tribune Co.*, 477 B.R. 465, 472 (Bankr. D. Del. 2012); *In re 15375 Mem'l Corp.*, 06-10859 KG, 2008 WL 2698678, at *1 (D. Del. July 3, 2008). Moreover, despite Chenault-Vaughan's protestations to the contrary, the matter is well-settled under Texas law, as recognized by the Court in its Memorandum Opinion. [D.I.97 at 23-24 (discussing Texas caselaw holding that lessor's royalty interest is not a possessory interest), 27 (discussing Texas supreme court's articulation of nature of lessor's interest), 28-29 (discussing Texas caselaw distinguishing nonparticipating royalty interest tied to the land from lease royalty interest created by contract)]. In essence, Chenault-Vaughan is not arguing the absence of controlling law, as required under 28 U.S.C. §158(d)(2)(A)(i), but is arguing the absence of a Memorandum Opinion that adopts its position.

The second issue Chenault-Vaughan seeks to have certified for direct appeal is whether pre-petition royalties were included in the Debtor's bankruptcy estate—an issue Chenault-Vaughan raised in the context of its challenge to the Court's subject-matter jurisdiction. [D.I.100 at 13-15, 19]. Even if the issue could be considered purely an issue of law, in its Memorandum Opinion, the Court repeatedly made clear that its determination of subject matter jurisdiction would have been the same, regardless of whether the royalty interest was part of the bankruptcy estate. [D.I.97 at 20 ("As noted above, the Court does not believe that its subject-matter jurisdiction depends on the resolution of this question."); 23 ("For current purposes, however, the critical point is that regardless of whether the share of production attributable to Chenault-Vaughan's royalty

9

interest is or is not part of the MDC bankruptcy estate, Chenault-Vaughan's complaint seeks relief that would have conceivable effect on MDC's bankruptcy estate . . . ."). Moreover, as the Court also recognized, "this property-of-the-estate issue is closely related to Chenault-Vaughan's merits argument," which necessarily involves application of Texas law. [D.I.97 at 20-23]. Accordingly, Chenault-Vaughan's second issue, like its first, is not appropriate for direct appeal to the Third Circuit.

> **B.** **Interlocutory review is not warranted because Chenault-Vaughan's issues do not involve controlling questions of law for which substantial grounds exist for disagreement.**

Chenault-Vaughan alternatively seeks interlocutory review of the Court's Memorandum Opinion pursuant to 28 U.S.C. § 158(a)(3), which provides a district court with jurisdiction to hear appeals, "with leave of the court, from other interlocutory orders and decrees." The Court has not yet entered an interlocutory order, as it stated in its Memorandum Opinion. [D.I.97 at 39].

Chenault-Vaughn's request for interlocutory review should be denied because, as discussed above, the Court has not entered an interlocutory order or judgment. Moreover, even if the Court signed an interlocutory order addressing the issues resolved by the Memorandum Opinion, Chenault-Vaughan cannot show that interlocutory review is warranted. Though Section 158(a)(3) does not identify the standard that should be used in granting interlocutory appeals, district courts borrow the standard found in 28 U.S.C § 1292(b). *In re SemCrude, L.P.*, BR 08-11525 BLS, 2010 WL 4537921, at *2 (D. Del. Oct. 26, 2010) (mem. op.). Under the standards of Section 1292(b), an interlocutory appeal is permitted only when the order at issue (1) involves a controlling question of law on which there is (2) substantial grounds for a difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 754 (3d Cir.1974), *cert. denied,* 419 U.S. 885 (1974). Moreover, entertaining an interlocutory order

under § 1292(b) is appropriate only when the party seeking leave to appeal "establishes [that] exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. and Hudson Ry. Co.,* 96 B.R. 469, 472-73 (D. Del. 1989), *aff'd,* 884 F.2d 1384 (3d Cir.1989). This promotes the policy that "[p]iecemeal litigation is generally disfavored by the Third Circuit." *In re SemCrude,* 2010 WL 4537921, at *2 (citing *In re White Beauty View, Inc.,* 841 F.2d 524, 526 (3d Cir.1988)). Additionally, leave to file an interlocutory appeal may be denied for "entirely unrelated reasons such as the state of the appellate docket or the desire to have a full record before considering the disputed legal issue." *Katz,* 496 F.2d at 754.

Chenault-Vaughan urges that the same two issues it argued were appropriate for direct appeal are, alternatively, appropriate for interlocutory appeal. [D.I.100 at 16-18]. The first issue—the nature of a royalty interest under Texas law—even if considered a controlling question of law, does not involve an issue for which substantial grounds for disagreement exist. To satisfy the standard, "the difference of opinion must arise out of genuine doubt as to the correct legal standard." *In re Essar Steel Minnesota LLC*, 607 B.R. 409, 416 (D. Del. 2019). As discussed above, the nature of a royalty interest is well-settled under Texas supreme court precedent—a point extensively discussed by the Court. *See* Pt. II.A *supra*. Chenault-Vaughan's "mere disagreement" with the Court's ruling does not call into question the Court's application of the correct legal standard. *See In re Essar Steel Minnesota LLC*, 607 B.R. at 416-17.

Chenault-Vaughan's second issue—whether pre-petition royalties are included in the Debtor's bankruptcy estate—stems from its motion to dismiss for lack of subject-matter jurisdiction. This issue does not raise a controlling question of law because the Court's denial of Chenault-Vaughan's motion was based on its finding that it had related-to jurisdiction, which

11

involves a "fact-intensive inquiry." *In re SemCrude, L.P.*, 2010 WL 4537921, at *3 (citing *In re W.R. Grace & Co.,* 591 F.3d 164, 174 n.9 (3d Cir. 2009)). And the Court made clear that the issue had no effect on its determination that it had subject-matter jurisdiction. *See* Pt. II.A *supra*.

Nor will interlocutory appeal of either issue materially advance the ultimate termination of the litigation. Chenault-Vaughan identifies multiple other issues it intends to appeal, [D.I.100 at 18-19], underscoring the inefficiency of a bit-by-bit appellate review. Given the fact that the Court has indicated its desire to address the few remaining issues expeditiously, the logical course is to develop a full record, which would prevent the unnecessary expenditure of judicial resources and the expense of piecemeal litigation.

## CONCLUSION

For these reasons set forth above, Centennial respectfully requests that the Court deny Chenault-Vaughan's Motion for entry of Judgment [D.I.99] and Request for Direct Certification to the United States Court of Appeal for the Third Circuit and Alternative Motion for Leave to File Interlocutory Appeal [D.I.100] and provide it with such other relief to which it is entitled.

Dated: January 10, 2022

Respectfully submitted,

/s/ *Robert P. Crumpler, Jr.*
Robert P. Crumpler, Jr. (Admitted Pro Hac Vice)
DAVIS, GERALD & CREMER P.C.
400 W. Illinois, Suite 1400
Midland, Texas 79701
(432) 687-0011
(432) 687-1735 (Fax)
Email: rcrumpler@dgclaw.com

-and-

**SULLIVAN HAZELTINE ALLINSON LLC**

/s/ William A. Hazeltine
William A. Hazeltine (No. 3294)
SULLIVAN HAZELTINE ALLINSON LLC
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195
Email: whazeltine@sha-llc.com

**ATTORNEYS FOR CENTENNIAL RESOURCE DEVELOPMENT, INC. and CENTENNIAL RESOURCE PRODUCTION, LLC**